**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMANTHA A. SMITH,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 3:25-CV-00827<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Samantha Smith brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits under Title XVI of the Social Security Act. Transcript, doc. 9-2 at 31. She challenges the Administrative Law Judge's (ALJ) evaluation of two medical opinions. Pl.'s Br., doc 14 at 4. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On September 15, 2022, Smith applied for disability benefits under Title XVI of the Social Security Act, alleging disability as of January 1,

2014. Doc. 9-3 at 26. Following an initial denial, Smith submitted an appeal, requesting a hearing before an Administrative Law Judge. Doc. 9-4 at 17. The ALJ conducted the hearing and determined that Smith was not disabled. Doc. 9-2 at 31.

Smith filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Smith's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 14-16) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Smith "has not been under a disability . . . since September 15, 2022, the date the application was filed." Doc. 9-2 at 31. The ALJ determined at the RFC stage that Smith has the ability:

> to perform light work as defined in 20 CFR 416.967(b) except she could frequently kneel, crouch, and crawl; occasionally stoop and climb ladders, ropes, and scaffolds; tolerate frequent exposure to extreme temperatures, wetness, vibrations, and hazards such as moving machinery and unprotected heights; perform simple and routine tasks, but no complex tasks, in a low stress work environment defined as occasional decision making, occasional changes in work setting, and no fast-pace production such as conveyor belt or quota-based work; occasionally interact with supervisors and coworkers with no team type setting work; and never interact with the public.

*Id.* at 23. The ALJ denied Smith's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 30.

On appeal, Smith argues that the ALJ erred by failing to properly evaluate two medical opinions. Doc. 14 at 4. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial

evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial

evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Smith is disabled, but whether the Commissioner's finding that Smith is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright*

*v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Smith argues that the ALJ erred in evaluating Dr. Trogner's and P.A. Cummings's medical opinions. Doc. 14 at 6, 9. Specifically, Smith contends that the ALJ did not properly address the supportability and consistency factors for each medical professional by providing only a "cursory discussion." *Id.* at 6, 8, 10, 13. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

An administrative judge's burden of articulation is not high. When weighing medical opinions, all that an ALJ must explain are the reasons for the decision. *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638

(3d Cir. 2024). "The ALJ may choose which medical evidence to credit and which to reject as long as there is a rational basis for the decision. *Stancavage v. Saul*, 469 F. Supp. 3d 311, 333 (M.D. Pa. 2020), citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). To satisfy the articulation requirements for supportability and consistency, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. Instead, it is sufficient for an ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* Here, the ALJ's discussion of Dr. Trogner's and P.A. Cummings's opinions was sufficient.

First, the ALJ conducted a detailed review of Dr. Trogner's report which noted largely normal findings in mental capacity, including fair social relating, grooming, judgement, and insight. Doc. 9-2 at 26. The ALJ further noted that Smith reported going out to eat with her friend, getting along with family, and having a boyfriend. *Id.* The ALJ, therefore, reasonably explained that Dr. Trogner's opined marked social limitations were unsupported "by the claimant's cooperative behavior and fair judgment and insight during the exam." *Id.* at 28; *see Grogan v. Comm'r of Soc. Sec.*, 459 F. App'x 132, 139 (3d Cir. 2012) (finding supportable an

ALJ's decision to give diminished weight to a treating psychiatrist's opinion that indicated severe mental limitations because the record indicated the claimant to have intact thought processes, cooperative behavior, and appropriate grooming and appearance).

Likewise, the ALJ adequately assessed the consistency factor, explaining that the marked social limitations "are generally inconsistent with psychiatric exams in 2023 routinely confirming normal mood and affect, normal psychomotor activity, cooperative attitude, normal speech, intact language, normal thought processes, intact associative thinking, no perceptual abnormalities, intact alertness and orientation, intact judgment and insight, and intact impulse control." *Id.* "There was no need to say more than that." *Zaborowski*, 115 F.4th at 640 (finding sufficient articulation of the consistency factor where an ALJ explained how the opinion fit with other evidence of a claimant's condition and treatability).

Second, the ALJ also properly articulated the supportability and consistency factors for his evaluation of P.A. Cummings's opinion. "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir.

1999), citing 20 C.F.R. § 404.1529. The ALJ reasoned that P.A. Cummings's opinion is "unsupported because she did not cite any clinical findings," relying on "only the claimant's subjective symptoms." Doc. 9-2 at 29. The regulation "obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it." *Hartranft*, 181 F.3d at 362, citing 20 C.F.R. § 404.1529(c). Because P.A. Cummings did not support her opinion with clinical findings, relying instead solely on Smith's subjective symptoms, the ALJ properly found P.A. Cummings's opinion unpersuasive. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) ("Although 'any statements of the individual concerning his or her symptoms must be carefully considered,' SSR 96-7p (July 2, 1996), the ALJ is not required to credit them, *see* 20 C.F.R. § 404.1529(a).").

Similarly, the ALJ's consistency factor assessment was proper. The ALJ compared P.A. Cummings's unsupported opinion to other psychiatric exams that routinely assessed normal findings in cognitive functioning. *See* doc. 9-2 at 29. Further, the ALJ noted that P.A. Cummings's own examination confirmed the normal assessments in speech, language, thought processes, memory, concentration, judgment

and insight. *See id.* Thus, the ALJ's articulation of the consistency factor was supported by substantial evidence. *See Zaborowski*, 115 F.4th at 639-40 (finding an ALJ's articulation sufficient as to the opinions of psychologists where the ALJ explained how the opinions "fit with other evidence"); *see also Grogan*, 459 F. App'x at 139 (finding sufficient an ALJ's medical opinion evaluation that found a restrictive opinion inconsistent with the examiner's own treatment records); *Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes).

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 17, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge